(Reap. Dec. 8711)

INTRA-MAR TRANSPORT CORPORATION v. UNITED STATES

Entry No. 755299.

(Decided December 11, 1956)

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

JOHNSON, Judge: This is an appeal for reappraisement of hard candy, packed in 12-ounce glass flasks, 24 flasks to the carton, imported from Cuba on or about December 10, 1946. The merchandise was invoiced and entered at 11 cents per pound and appraised at $8 per carton, less 16.34 per centum nondutiable charges.

When the case was last called for trial, counsel for the plaintiff stated that the case had been previously suspended while the issue was litigated in another case, reappraisement No. 166823-A; that, thereafter, an extension of time had been requested and granted so that the surety on the bond could make a further study of the case; that the plaintiff had now agreed to submit the case; that the issue was identical to that in the test case; and that plaintiff had no additional evidence to offer. Counsel for the Government then moved for judgment in favor of the defendant on the ground of lack of any proof controverting the appraised value.

In the test case, *Intra-Mar Transport Corp., formerly Gondrand Transport Corp.* v. *United States*, 27 Cust. Ct. 500, Reap. Dec. 8070, it appeared that the parties were in agreement that there was a foreign value and an export value and that the export value was higher. The court there found that the evidence was insufficient to overcome the presumption of correctness attaching to the appraised value and held that the value of the merchandise was the appraised value, which represented export value.

In view of the statement of counsel that the issues herein are identical with those in the test case and since no further evidence has been

presented, I find that the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved and that such value is the appraised value.

Judgment will be rendered accordingly.